

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Harold McCracken
Assistant Civil District Attorney
Hall of Records
Dallas, Texas

Dear Sir:

Opinion No. O-860
Re: A notary public may qualify
at any time within ten days
after he receives the notice
provided for in Article 5951,
Revised Civil Statutes, such
notice is required to be given
only after the appointee's
commission has been received
by the county clerk from the
Secretary of State.

This office is in receipt of your letter of July 5, 1939, requesting our construction of Article 5951, Revised Statutes, with reference to the time within which a person appointed to the office of notary public may qualify. Substantially the same facts as stated in your letter and practically the same questions here involved, but differently stated, were submitted to Attorney General B. F. Looney, June 14, 1917, by Hon. John W. Hornsby, County Attorney of Travis County, in behalf of Mr. L. D. Hawkins, then a citizen of said county. For these reasons, we do not deem it necessary to quote from your letter the facts there given or the exact questions submitted, but have, we believe, restated the questions submitted so that the answers thereto will give you the information sought. The restated questions are:

(1) Does Article 5951, Revised Statutes, authorize a county clerk, before he receives a commission from the Secretary of State for a party appointed notary public, to "notify said party to appear before him within ten days, pay for his commission, and qualify according to law"?

(2) If it does not, is said party entitled to receive such notice after his commission has been received by the clerk?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

(3) If he is, may he then qualify at any time within ten days from the receipt of such notice?  And

(4) If he may, are the exceptions contained in said article available to him?

On June 27, 1917, Attorney General Looney approved Conference Opinion No. 1777 in which the questions submitted by Mr. Hornsby were fully answered. (Reports of the Attorney General, 1916-1918, p. 422) The opinion quotes Articles 6015 and 6016, Revised Statutes of 1911. These articles were brought forward in the Revised Statutes of 1925, without material changes, as Articles 5951 and 5952 respectively, and they have not since been amended. Therefore, if the answers found in Opinion No. 1777 were correct then, they are correct now. We believe that opinion correctly construes the statutes involved and approve it. A copy of which is herewith enclosed. It answers the first three of the questions above stated. It does not answer the fourth question, but it is apparent that the exemptions can apply only where the party has been legally notified of his appointment. He cannot be legally notified by the clerk until that officer has in his possession the party's commission.

We answer question No. 1 in the negative, and each of the three remaining questions in the affirmative.

In this connection, we call to your attention for whatever it may be worth, the case of Faubion v. State, 104 Tex. Crim. Rep. 78, 282 S. W. 597.

Please accept our thanks for the very able manner in which you have stated the facts, the questions submitted and discussed the legal points involved.

Hoping we have given you the information requested, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Bruce W. Bryant
Assistant

APPROVED JUL 12, 1939
BWB:LM

Encl.

FIRST ASSISTANT
ATTORNEY GENERAL